09-2930-ag
Chen v. Holder

BIA
Rohan, IJ
A094 915 837

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 9th day of September, two thousand ten.

PRESENT:
 ROGER J. MINER,
 PETER W. HALL,
 DEBRA ANN LIVINGSTON,
  *Circuit Judges*.
_____

YONG BIN CHEN,
  *Petitioner*,

  v.                                        09-2930-ag

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,
  *Respondent*.
_____

FOR PETITIONER:     Waisim M. Cheung, New York, New York.

FOR RESPONDENT:     Tony West, Assistant Attorney General; Francis W. Fraser, Senior Litigation Counsel; W. Daniel Shieh, Trial Attorney, Office of Immigration Litigation, Washington D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Yong Bin Chen, a native and citizen of China, seeks review of the June 11, 2009 order of the BIA affirming the September 26, 2007 decision of Immigration Judge ("IJ") Patricia A. Rohan denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yong Bin Chen*, No. A094 915 837 (B.I.A. June 11, 2009), *aff'g* No. A094 915 837 (Immigr. Ct. N.Y. City Sept. 26, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review both the IJ's and the BIA's decisions. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Substantial evidence supports the agency's adverse credibility determination. As a preliminary matter, Chen

2

does not challenge the IJ's findings that: (1) he failed to offer reasonably available corroborating evidence; and (2) he provided inconsistent testimony regarding whether he was baptized at an official "patriotic" church. Rather, Chen incorrectly argues that "the BIA decision merely cited [his] lack of detailed reference [to] the two arrest/detention incidents in his asylum statement as the only basis for its adverse credibility determination." Pet'r's Br. 6. To the contrary, the BIA "adopt[ed] and affirm[ed]" the IJ's decision, noting Chen's "changing responses when questioned about implausibilities" and "lack of reasonably available corroborating evidence." Chen has therefore waived any challenge to these findings, and they stand as valid bases for the agency's adverse credibility determination. *See Shunfu Li v. Mukasey*, 529 F.3d 141, 146 (2d Cir. 2008).

With respect to the finding Chen does challenge, the BIA reasonably found that his omission of his 2004 and 2006 detentions from his asylum application undermined his credibility. This omission was significant because: (1) the detentions were the central basis for his claim of past persecution, rather than details to be fleshed out during his testimony; and (2) he prepared his application with the

3

assistance of an attorney. Under the REAL ID Act, "an IJ may rely on *any* inconsistency or omission in making an adverse credibility determination as long as the 'totality of the circumstances' establishes that the asylum applicant is not credible." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008) (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)). Thus, Chen's omission of his detentions, one of which allegedly lasted for ten days with minimal food, was a proper basis for the agency's adverse credibility determination. Furthermore, the BIA did not err in rejecting Chen's explanation that he did not include the detentions in his asylum application because he planned to supplement the application in light of the fact that he included a supplemental statement with the application at the time of filing. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005) (the agency need not credit an applicant's explanations for inconsistent testimony unless those explanations would compel a reasonable fact-finder to do so).

Ultimately, the agency's credibility determination was supported by substantial evidence. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin*, 534 F.3d at 167. Therefore,

it did not err in denying Chen's application for asylum and withholding of removal.  *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).  Chen does not challenge the agency's denial of CAT relief.

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
